```
                   IN THE UNITED STATES DISTRICT COURT
                              FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA


WILLIAM M. DANIELS JR.,           :
                                  :
         Plaintiff                :
                                  :
    v.                            :   CIVIL NO. 3:CV-14-2383
                                  :
DAVID PITKINS, ET AL.,            :   (Judge Conaboy)
                                  :
         Defendants               :
```
_____

## MEMORANDUM
### Background

This pro se civil rights action was initiated in the Centre County Court of Common Pleas by William M. Daniels, Jr., an inmate presently confined at the State Correctional Institution, Albion, Pennsylvania (SCI-Albion). Following submission of an amended complaint, This matter was removed to this Court pursuant to 28 U.S.C. §§ 1441 (a). See Doc. 1, ¶ 9. By Order dated June 26, 2015, Plaintiff's objections to the removal were denied. See Doc. 19.

Daniels' action regards events which allegedly transpired during his prior confinement at the Benner State Correctional Institution, Bellefonte, Pennsylvania (SCI-Benner). Defendants are the following SCI-Benner employees: Superintendent David Pitkins, Deputy Superintendents Tammy Ferguson and Leo Glass, Counselor Bobbi Jo Salamon, and Security Lieutenant L. W. Hoffman who are all employed at SCI-Benner, by the Pennsylvania

1

Department of Corrections (DOC Defendants).  Also named as a Defendant is Physician's Assistant (PA) Maria Leahy, who was contracted to provide medical care to SCI-Benner inmates.

The Amended Complaint concerns conduct taken by prison officials following an April 25, 2014 SCI-Benner encounter between Plaintiff and a female visitor.  Specifically, it is alleged that because Daniels was suspected of swallowing contraband after being kissed by his visitor he was strip searched by a non-defendant, Lieutenant Green, and placed in a POC[1] dry cell for almost an entire week where he was allegedly subjected to unconstitutional conditions of confinement as well as other violations of his constitutional rights.

By Memorandum and Order dated August 19, 2015, Defendant Leahy's motion to dismiss was partially granted.  See Doc. 10.  Specifically, it was determined that Leahy was entitled to entry of dismissal with exception of the allegation that she failed to protect Plaintiff from unconstitutional conditions of confinement.[2]  See Doc. 24.  Presently pending is Leahy's motion seeking entry of summary judgment.  See Doc. 44.  The opposed

---

[1]  Presumably a Psychiatric Observation Cell (POC).

[2]  Plaintiff's claims that Leahy: was deliberately indifferent to the prisoner's medical needs; violated the inmate's equal protection rights; engaged in unconstitutional verbal harassment; were dismissed.  The memorandum also determined that Plaintiff was not entitled to compensatory damages for his claim of suffering emotional distress.

2

motion is ripe for consideration.

## **Discussion**

With respect to the remaining claim against Defendant Leahy, the Amended Complaint alleges that on or about April 26, 2014 Leahy went to Plaintiff's POC cell to check his vital signs and was asked to do something about the unsanitary conditions of his confinement. She purportedly told Daniels that there was nothing she could do.  According to the Amended Complaint, Leahy allegedly acted with deliberate indifference by allowing Plaintiff to continue to suffer extreme deprivations while in the POC cell. See id. at ¶ 28.

Defendant Leahy claims entitlement to summary judgment on the grounds that: (1) Plaintiff failed to exhaust his administrative remedies, and (2) the Amended Complaint fails to allege a viable failure to protect claim.

## **Standard of Review**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001).  A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A

3

factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of

4

whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Administrative Exhaustion**

Defendant Leahy asserts that based on information provided by the DOC during discovery, Plaintiff did not file any administrative grievances against Leahy or anyone else which "had been appealed to the final level of review." Doc. 45, p. 7. Plaintiff's opposing brief counters that he did file and administratively appeal a grievance against Defendant Leahy. See Doc. 48-1, p. 3. Section 1997e(a) of title 42 U.S.C. provides:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Porter v. Nussle, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). Claims for monetary relief are not excused from the exhaustion

5

requirement.  Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action.  Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000).  "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

An inmate is not required to specifically plead or demonstrate exhaustion in his or her complaint.  See Jones v. Bock, 549 U.S. 199, 216 (2007);  see also Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002)(a prisoner does not have to allege in his complaint that he has exhausted administrative remedies). Rather, pursuant to the standards announced in Williams v. Runyon, 130 F.3d  568, 573 (3d Cir. 1997), it is the burden of a defendant asserting the defense of non-exhaustion to plead and prove it.[3]  The United States Supreme Court in Jones noted that the primary purpose of the exhaustion requirement is to allow prison officials to address complaints before being subjected to suit, reducing litigation to the extent complaints are

---

[3] In Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), the United States Court of Appeals for the Third Circuit similarly stated that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead."

satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.

The administrative exhaustion mandate also implies a procedural default component. Spruill v. Gillis 372 F.3d 218, 222 (3d Cir. 2004). As explained by the Third Circuit Court of Appeals, a procedural default rule "prevents an end-run around the exhaustion requirement." Id. at 230. It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." Id. Similarly, the Supreme Court has observed that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations. Woodford v. Ngo, 548 U.S. 81 (2006).

The Court of Appeals for the Third Circuit has recognized that "[t]here is no futility exception" to the exhaustion requirement. Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002) (citing Nyhuis, 204 F.3d at 75. A subsequent decision by the Third Circuit Court of Appeals reiterated its no futility exception by rejecting an inmate's argument that exhaustion should be excused because prisoner grievances were regularly rejected. Hill v. Smith, 186 Fed. Appx. 271, 274 (3d Cir. 2006). The Court of Appeals has also rejected "sensitive' subject matter or 'fear of retaliation' as a basis for excusing

7

a prisoner's failure to exhaust." Pena-Ruiz v. Solorzano, 281 Fed. Appx. 110, 113 (3d Cir. 2008).

A Consolidated Inmate Grievance Review System has been established by the DOC.[4] Section V of DC-ADM 804 states that "every individual committed to its custody shall have access to a formal procedure through which to seek the resolution of problems or other issues of concern arising during the course of confinement." See Doc. 29, p. 8. It adds that the formal procedure shall be known as the Inmate Grievance System and provides a forum of review and two (2) avenues of appeal. Section VI ("Procedures") of DC-ADM 804 provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Facility Grievance Coordinator within fifteen (15) working days after the events upon which the claims are based, but allowances of extensions of time will be granted under certain circumstances.

An appeal from the Grievance Coordinator's Initial Review decision may be made in writing within ten (10) working days to the Facility Manager or Superintendent. A final written appeal may be presented within fifteen (15) working days to the Secretary's Office of Inmate Grievances and Appeals (SOIGA). A prisoner, in seeking review through the DOC grievance system, may include reasonable requests for compensation or other legal

---

[4] The DOC's grievance system has been periodically amended.

relief normally available from a court.  However, an improperly submitted grievance will not be reviewed.

Defendant Leahy asserts that Plaintiff failed to file a final administrative appeal with SOIGA regarding his pending claim against Leahy.  The Moving Defendant asserts that as part of the discovery process in this case, she subpoenaed Plaintiff's entire SOIGA file.  In response to that subpoena, Leahy received a January 7, 2015 e-mail from SOIGA employee Carla King.  The e-mail clearly states that Daniels did not file any grievance appeals to SOIGA.  A copy of King's e-mail has been submitted tp this Court for consideration.  See Doc. 11-1.

Plaintiff's opposing brief initially contends that he did file a grievance against PA Leahy and pursued an administrative appeal through the DOC's final level of review.  See Doc. 48-1, p. 3.  His opposing brief subsequently acknowledges that the SOIGA appeal of his grievance against PA Leahy was rejected because his transfer to another correctional facility prevented him from providing SOIGA with requested documentation.  See id., p. 5.  He concludes that because his inability to perfect his SOIGA appeal was due to interference by prison officials, the non-exhaustion argument should be denied.

Attached to Plaintiff's opposing brief is a copy of a July 15, 2014 response to a SOIGA appeal of Grievances 508943 and 508222 which was initiated by Daniels.  The response directs

9

Plaintiff to provide copies of his underlying grievances and earlier responses.  Also provided is a rejection of Grievance 508222 dated May 6, 2014 by the SCI-Benner Grievance Coordinator which rejects that grievance as exceeding the two page limit and as being improper because it seeks review of an inmate misconduct charge.  See id. at p. 18.  Since documents provided by the Plaintiff show that Grievance 50822 was related to an appeal of a disciplinary charge it lacks relevance to the issue of whether Plaintiff properly exhausted a grievance regarding Leahy's alleged failure to protect him from unsanitary conditions of his POC.

　　　Plaintiff has also provided a copy of a May 12, 2014 rejection of Grievance 508943 by the SCI-Benner Grievance Coordinator.  See id. at p. 19.  This rejection similarly states that Grievance 508493 likewise improperly sought relief with respect to an inmate disciplinary charge.  A review of Plaintiff's own supporting submissions shows that he has not created an issue of material fact as to the question of whether Defendant Leahy is entitled to entry of summary judgment on the basis of non-exhaustion.  The SOIGA rejection cited by Daniels' opposing brief regards two grievances which sought relief with respect to a disciplinary charge.  Leahy's alleged failure to protect is completely unrelated to the validity of any misconduct charge filed against the Plaintiff.

Based upon an application of the well settled administrative exhaustion standards and the undisputed supporting evidence presented by Defendant Leahy, she has satisfied her burden of demonstrating that the substance of the Plaintiff's surviving claims was not encompassed within any grievance filed to final administrative review by Daniels. Moreover, the Plaintiff has not provided the Court with any sufficient basis upon which it could be concluded that he is entitled to be excused from the exhaustion requirement. Accordingly, Defendant Leahy is entitled to entry of summary judgment on the basis of non-exhaustion of administrative remedies.[5]  An appropriate Order will enter.[6]

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: FEBRUARY 17, 2017

---

[5] In light of this determination, discussion of the remaining summary judgment argument is not warranted.

[6] If Plaintiff can provide proof that any of his remaining claims against PA Leahy have been exhausted or if he can present specific facts showing that he was prevented from compiling with the exhaustion requirement with respect to those claims, he may file a reconsideration motion within fourteen (14) days of the date of this memorandum.